IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-80462 |
| | ) | |
| JOHN MICHAEL ADAMS and | ) | CH. 13 |
| JULIE ANN ADAMS, | ) | |
| | ) | |
| Debtor(s). | ) | |

ORDER

Hearing was held in Omaha, Nebraska, on September 19, 2011, regarding Fil. #40, Motion to Expedite Hearing on the Status of a Post-Petition Debt with Creditor Twin Ridge Condo Association, P.C., filed by the debtors and the creditor's pending Motion to Strike the Suggestion of Bankruptcy, filed in the County Court of Sarpy County, Nebraska, Fil. #42, Response, filed by Twin Ridge Condo Association, P.C. Dan Peters appeared for the debtors and Steffi Swanson appeared for Twin Ridge Condo Association, P.C.

The debtors filed a bankruptcy petition and obtained confirmation of a Chapter 13 plan. At the time the petition was filed, the debtors were delinquent on their annual homeowners association condominium assessment. Twin Ridge Condo Association, P.C., filed a claim for the pre-petition assessment amounts.

The property in question is a rental property. The debtors are record owners, although their plan provides for surrender of the property to the mortgage holder. The mortgage holder has not taken any action to foreclose the mortgage. Post-petition, the condo association assessed more charges, which have not been paid.

The condo association sued the debtors, post-petition and post-confirmation, and obtained a judgment in the Sarpy County Court for the post-petition and post-confirmation charges. The debtors filed a "Suggestion in Bankruptcy" in the state court and the condo association moved to strike it on the basis that the obligations represented by Sarpy County Court judgment were post-petition obligations and were not affected by the bankruptcy case.

In response, the debtors filed Fil. #40, a motion to obtain an order from the bankruptcy court clarifying "the enforceability of the Suggestion of Bankruptcy filed and the status of any post-petition debt owed." It is the position of the condo association that a suggestion of bankruptcy is inappropriate because a judgment represents a post-petition debt for condominium association assessments and is non-dischargeable under 11 U.S.C. § 523(a)(16).

The debtors counter that they and their property, including future wages, are protected by 11 U.S.C. § 362(a)(3).

I find that the debtors are correct. Their plan, at paragraph 10(B) (Fil. #5), provides:

> Property of the estate, including the Debtor's current and future income, shall revest in the Debtor at the time a discharge is issued, and the Debtor shall have sole right to use and possession of property of the estate during the pendency of this case.

The Bankruptcy Code, at 11 U.S.C. § 362(a)(3), provides that the bankruptcy petition operates as a stay of any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. The confirmed plan binds the debtors and the creditors. Property of the estate, including current and future income, has not revested in the debtor. Any collection activity, such as garnishment of wages or other assets of the debtors, would be a violation of the automatic stay.

IT IS ORDERED: The Suggestion in Bankruptcy filed in the state court action notifies the creditor and the state court that the automatic stay is in effect. No collection action may be taken against the debtors or property of the estate until the plan is completed. The debt represented by the Sarpy County Court judgment will not be dischargeable.

DATED:    September 19, 2011

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
   *Dan Peters
   Steffi Swanson
   Kathleen Laughlin
   U.S. Trustee

* Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.